UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PATRICK C. PARKER (#A-78499)                              CIVIL ACTION

VERSUS

BOBBY WEBBER, ET AL.                                      NO. 11-0082-JJB-CN


NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in chambers in Baton Rouge, Louisiana, March 19, 2012.


_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

PATRICK C. PARKER (#A-78499)                          CIVIL ACTION

VERSUS

BOBBY WEBBER, ET AL.                                  NO. 11-0082-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on several Motions for Summary Judgment filed by the plaintiff, see rec.doc.nos. 33, 54 and 56. The defendants have filed an opposition to the first such motion, and the second and third such motions are essentially duplications of the initial filing.

The pro se plaintiff, a pretrial detainee confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Bobby Webber, Correctional Officer Timothy Maxwell, Sheriff Jeffery Wiley, Nurse Michelle Gaudin, Nurse Rhonda Shear and Dr. Holmes, complaining that the defendants have violated his constitutional rights by maintaining him in segregated confinement for more than two years, during which time he has had insufficient access to the law library and insufficient opportunity for recreation or telephone usage. In addition, the plaintiff complains, inter alia, that the defendants have subjected him to excessive force, have interfered with his incoming and outgoing mail, have denied him appropriate medical attention, and have denied him due process and equal protection.

The plaintiff now moves for summary judgment relying upon the pleadings and his own declaration, which he has provided under penalty of perjury.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

The Court concludes, on the record before it, that the plaintiff's motions should be denied at the present time. The plaintiff has attached to his motions neither certified copies of any pertinent prison records or medical records nor any sworn statements by witnesses attesting to the truth of his allegations. Further, he does little more in the instant motions than reiterate the conclusory allegations of his Complaint and assert that the defendants have violated his constitutional rights. In contrast, the defendants have filed both an Answer to the plaintiff's Complaint and written responses to the plaintiff's discovery, wherein they deny the plaintiff's factual allegations and assert that there are questions of material fact which remain in this case and which preclude the grant of summary judgment herein.[1] Accordingly, the Court concludes

---

[1] Although the plaintiff points to the defendants' apparent admission, in their pleadings, that they have denied the plaintiff access to the law library, phones and/or recreation "when Plaintiff was serving

that the plaintiff has not made out a sufficient showing of entitlement to relief or of the absence of any genuine issues of material fact.  The Court, therefore, concludes that a grant of summary judgment would be inappropriate at the present time.

**RECOMMENDATION**

It is recommended that the plaintiff's Motions for Summary Judgment, rec.doc.nos. 33, 54 and 56, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, March 19, 2012.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

segregation lockdown time for jail rule violations," this admission does not definitively establish the defendants' liability in connection with this claim.  There remain questions regarding the length of these deprivations, whether they were reasonable under the circumstances, whether the plaintiff suffered any prejudice as a result thereof, and whether the plaintiff had alternative means of exercising his constitutional rights.