UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK C. PARKER (#385992)                                                CIVIL ACTION

VERSUS

BOBBY WEBBER, ET AL.                                                       NO. 11-0082-JJB-RLB

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Signed in Baton Rouge, Louisiana, on April 25, 2013.

                RICHARD L. BOURGEOIS, JR.
                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK C. PARKER (#385992)                                CIVIL ACTION

VERSUS

BOBBY WEBBER, ET AL.                                       NO. 11-0082-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion filed by defendant Steven Holmes, M.D., for Dismissal for Insufficient Service of Process, brought pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, rec.doc.no. 83. This motion is not opposed.

The pro se plaintiff, an inmate previously confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Bobby Webre (identified as "Bobby Webber" in the Complaint), Correctional Officer Timothy Maxwell, Sheriff Jeffery Wiley, Nurse Michelle Gaudin, Nurse Rhonda Shear and Dr. Steven Holmes, complaining that the defendants violated his constitutional rights by maintaining him in segregated confinement for more than two years at that facility, during which time he had insufficient access to the law library and insufficient opportunity for recreation or telephone usage. In addition, the plaintiff complains that the defendants, inter alia, subjected him to excessive force, interfered with his incoming and outgoing mail, denied him appropriate medical attention, and denied him due process and equal protection.

The instant motion seeks dismissal of the plaintiff's claims asserted against defendant Holmes pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, contending that there has been insufficient service of process. "A 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Wright & Miller, Federal Practice & Procedure: Civil 2d § 1353, at 276-77 (2d ed. 1990). Defendant Holmes further contends that because

service of process was not effected within 120 days of the filing of the Complaint, as mandated by Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff's claims asserted against him should be dismissed.

Pursuant to Order dated March 21, 2011, rec.doc.no. 8, the Court directed the United States Marshal's Office to serve the defendants named herein, wherever found. In accordance with normal procedure, the Marshal's Office forwarded correspondence to the plaintiff directing him to fill out and return a copy of United States Marshal's Form USM-285, providing the names and addresses of the defendants to be served. The plaintiff returned the completed form to the Marshal's Office, indicating thereon that the Marshal should serve defendant Holmes at the Ascension Parish Jail. See rec.doc.no. 14. The record reflects that the United States Marshal's Office thereafter delivered the summons and Complaint to the prison on or about May 13, 2011, and the hand-written notation on the Marshal's Return indicates that the papers were accepted by Warden Bobby Webre at that location. The Marshal's Return further reflects that Warden Webre received and accepted the summons and Complaint without any noted limitations. Id. No appearance, however, was thereafter made on behalf of defendant Holmes, either by motion or by answer filed in this proceeding.

The plaintiff thereafter propounded written discovery to the defendants and, upon the failure of defendant Homes to respond thereto, filed a motion seeking such response. See rec.doc.no. 48. In addition, the plaintiff addressed correspondence to the Court, rec.doc.no. 47, wherein he stated that he had been under the mistaken impression that defendant Holmes was represented by attorneys representing other defendants in this proceeding and had only just learned that this impression was incorrect. In addition, the plaintiff's correspondence noted that defendant Holmes was no longer employed at the Ascension Parish Jail and that the plaintiff had no information regarding the current location of the defendant. Ultimately, after directing the plaintiff to show cause why his claims asserted against defendant Holmes should not be dismissed for failure to prosecute and after reviewing the plaintiff's response thereto, see rec.doc.nos. 50 and 51, the Court entered an Order on April 19, 2012,

rec.doc.no. 67, directing the Clerk to re-issue summons and directing the United States Marshal's Officer to re-serve the defendant, "through **PERSONAL SERVICE**", at the defendant's place of employment. (Emphasis in original).  However, notwithstanding the Court's Order for personal service, it appears that the United States Marshal's Office thereafter delivered the summons and Complaint, on September 18, 2012, to a person in defendant Holmes' office identified as "Jessica Stockton - Receptionist", see rec.doc.no. 82.  This purported "service" then prompted defendant Holmes to file the instant Motion to Dismiss.  Finally, on November 1, 2012, service was properly effected upon defendant Holmes through personal service, see rec.doc.no. 84, and the defendant has now filed an Answer herein, see rec.doc.no. 85, wherein the referenced deficiency of service has not been re-asserted as a defense.

Unless federal law provides otherwise, an individual may be served in accordance with the procedures utilized by the state for service of process or by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy to an agent authorized by appointment or by law to receive service of process.  Rule 4(e), Federal Rules of Civil Procedure.  Louisiana law similarly provides that, in the absence of an authorized or appointed agent, service must be made by delivery of the Complaint either to a defendant personally or to a person of suitable age and discretion at the defendant's domicile.  See La. Code Civ. P. art. 1231, et seq.  See also Drago v. Drago, 477 So.2d 786 (La. App. 5th Cir.), writ denied, 478 So.2d 1236 (La. 1985).  In the instant case, based upon the above recitation, it is clear that service was not properly effected upon defendant Holmes until November 1, 2012, on which date the defendant was personally served.  Specifically, prior to that date, the summons and Complaint had not been delivered to him personally or to his dwelling place, and there is no suggestion in the record that either Warden Bobby Webre or Receptionist Jessica Stockton were agents appointed or authorized by law to accept service on the defendant's behalf.  Therefore, based on the record, service prior to November 1, 2012, in this case did not comport with the provisions of Rule 4(e).

Having determined that service prior to the filing of the instant motion was ineffective, the Court must determine whether dismissal is warranted. The general appearance herein of defendant Holmes, through the filing of an Answer, does not render this issue moot. See Padre Nterprises, Inc. v. Rhea, 2012 WL 1072849 (E.D. Tex., March 29, 2012); McCarter v. Harris County, Texas, 2006 WL 1281087 (S.D. Tex., May 5, 2006); Ranger Security Detectors, Inc. v. Metorex, Inc., 2006 WL 504864 (W.D. Tex., Feb. 7, 2006). However, at least one Court has concluded that a general appearance, combined with proper service made after the filing of a motion challenging the effectiveness of service, renders the prior motion moot. Ranger Security Detectors, Inc. v. Metorex, Inc., supra. The Court need not address this issue, however, because the Court finds that the untimely service in this case should be excused.

Rule 4(m) of the Federal Rules of Civil Procedure grants the courts discretion to dismiss a defendant without prejudice, after notice to the plaintiff, for failure to serve the defendant within 120 days of the filing of the Complaint. In addition, Rule 4(m) states that courts "must extend the time for service for an appropriate period" upon a showing of good cause by the plaintiff. See Kersh v. Derozier, 851 F.2d 1509 (5th Cir. 1988). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." Lindsey v. United States Railroad Retirement Board, 101 F.3d 444 (5th Cir. 1996). At a minimum, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." Id., quoting Peters v. United States, 9 F.3d 344 (5th Cir. 1993). A district court retains discretion to extend the time for service even in the absence of good cause. See Thompson v. Brown, 91 F.3d 20 (5th Cir. 1996). Further, it may be an abuse of discretion to dismiss a defendant, even in the absence of good cause, where the effect of such dismissal would be a dismissal with prejudice because of the running of the applicable limitations period. See Milan v. USAA General Indemnity Company, 546 F.3d 321 (5th Cir. 2008).

In the instant case, the Court recommends that the plaintiff's failure to timely serve defendant Holmes be excused. Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the Court

appointed the United States Marshal's Office to effect service on the defendants in this case. In such instance, an incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant," Rochon v. Dawson, 828 F.2d 1107 (5th Cir. 1987). However, once a plaintiff is placed on notice of deficiencies in service, he may not "remain silent and do nothing to effectuate such service." Id. See also Ellibee v. Leonard, 226 Fed.Appx. 351 (5th Cir. 2007). If the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will ordinarily be unable to show good cause for such failure. Id. See also Lindsey v. United States Railroad Retirement Board, supra.

After the appointment of the United States Marshal's Office for service in this case, the plaintiff provided to the Marshal's Office an address where defendant Holmes then worked. Had the Marshal delivered the summons and Complaint to the defendant personally at that location, service would have been proper at that time. Nonetheless, the summons and Complaint were accepted at the Ascension Parish Jail without limitation on May 13, 2011, and an entry on the Court's Docket Sheet dated May 16, 2011, gave the impression that defendant Holmes had been served. See rec.doc.no. 14. When the plaintiff thereafter advised the Court of the defendant's failure to appear and of the fact that the defendant was no longer employed at the Ascension Parish Jail, the Court entered an Order on April 20, 2012, directing the Marshal's Office to re-serve the defendant at a new address. See rec.doc.no. 67. Although not stated therein, the Court's Order may be interpreted as having effectively granted an extension of time to accomplish service pursuant to Rule 4(m). Inasmuch as the United States Marshal's Office thereafter effected personal service upon defendant Holmes, and inasmuch as the defendant has now filed an Answer in this proceeding, the Court finds that the untimely service should be excused. Specifically, the Court finds that the plaintiff has shown good cause for the untimely service in this case and that, even if the plaintiff's conduct may not be seen to amount to good cause, the exercise of the Court's discretion warrants a denial of the instant Motion to Dismiss.

RECOMMENDATION

It is recommended that the Motion for Dismissal for Insufficient Service of Process of defendant Steven Holmes, M.D., rec.doc.no. 83, be denied, and that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on April 25, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**